```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSE LARA,                            :
                                      :
        Plaintiff,                    :    CIVIL ACTION
                                      :
    v.                                :
                                      :    NO. 11-cv-1663
INEX and                              :
PRIME INSURANCE SYNDICATE, INC.,      :
                                      :
        Defendants.                   :
```

## MEMORANDUM AND ORDER

**Joyner, C.J.**                                         July  11, 2012

Before the Court are Defendant Prime Insurance Syndicate, Inc.'s Motion for Summary Judgment (ECF No. 17), Plaintiff's Response in Opposition thereto (ECF No. 18) and Defendant's Reply in further support thereof (ECF No. 20).  For the reasons stated in this Memorandum of Law, the Motion is GRANTED in part and DENIED in part.

## I.  Background

In 2008, Jose Lara ("Plaintiff") sued Philadelphia nightclubs "Club Flow" and "The Cave," their parent corporation DUP, Incorporated ("DUP"), and principal officers Robert Oliver and Donald K. Palmucci in the Philadelphia Court of Common Pleas (the "Pennsylvania Action").  (See Compl. Ex. A, ECF No. 1.) Plaintiff sued the defendants under Pennsylvania's dram shop law for injuries he sustained in an automobile accident involving an intoxicated driver.  (See id.)  On October 13, 2006, Plaintiff

1

was severely injured in an automobile accident by a driver who left Club Flow visibly intoxicated.  (Pl.'s Mem. Opp'n Summ. J. 1-2.)  The Prime Insurance Syndicate, Incorporated ("Defendant") issued policies for dram shop and general liability insurance coverage to the nightclubs that were in effect at the time of Plaintiff's injury and the Pennsylvania Action.[1]  (Compl. ¶ 4; Def.'s Mot. Summ. J. 4-5, 7.)  Defendant provided a legal defense in the case but on March 3, 2008, based on a contractual reservation of rights, Defendant filed a declaratory judgment action in a Utah court against DUP (the "Utah Action").  (Def.'s Mot. 12 & Ex. H.)  Defendant sought a declaration that it owed no duty to defend or indemnify DUP in the Pennsylvania Action.  (Id.)  Despite receipt of service by DUP's president, Robert Oliver, DUP failed to appear in Utah court or otherwise defend the declaratory judgment action.  (Def.'s Mot. 13 & Ex. I.)  On August 19, 2008, the Utah trial court, upon the additional submission of a memorandum of law from Defendant, entered a default judgment in Defendant's favor (the "Utah Judgment"), finding Defendant had no duty to defend or indemnify DUP in the Pennsylvania Action.  (Def.'s Mot. 13 & Ex. J.)  Shortly thereafter, Defendant apparently withdrew its representation of DUP in Pennsylvania court.

---

[1] Plaintiff identified INEX as another insurer in addition to Defendant. Plaintiff voluntarily dismissed his claims against INEX, making Prime Insurance the lone remaining defendant in this action.

On May 27, 2010, the Philadelphia court entered a $750,000 judgment for Plaintiff. (Compl. Ex. D.) DUP assigned to Plaintiff all legal claims and rights it had against Defendant. (Compl. ¶ 2 & Ex. B.) On January 19, 2011, Plaintiff filed the instant action against Defendant in the Philadelphia Court of Common Pleas. Defendant removed the case before this Court on March 8, 2011 pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff is a Pennsylvania resident and Defendant is incorporated in Illinois and has its principal place of business in Utah. Plaintiff, acting pursuant to his assignment of rights, alleges Defendant's failure to defend and indemnify DUP in the Pennsylvania Action was a breach of contract done in bad faith and in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTPCPL"). Defendant moves for summary judgment, arguing inter alia that the Utah Judgment is entitled to full faith and credit and precludes the instant suit.

## II.  Legal Standard

The Court shall grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making a determination, "inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."

3

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (alteration in original) (internal quotation marks omitted).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  The movant bears the burden of proving that no genuine issue of material fact is in dispute. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

### III.  Analysis

A Utah court entered a declaratory judgment stating, in effect, that Defendant had no duty to defend or indemnify Plaintiff in the Pennsylvania Action.  Defendant argues the Utah Judgment should be given full faith and credit, that is, the instant claims should be precluded.  (See Def.'s Mot. 21.)

**Full Faith and Credit**

The Full Faith and Credit Clause binds every state to recognize and enforce the judgments rendered by courts of other states.  See U.S. Const. art. IV § 1; Underwriters Nat'l Assurance Co. v. N.C. Life & Accident & Health Ins. Guar. Ass'n, 455 U.S. 691, 703-04 (1982).  The Full Faith and Credit Clause has been extended by statute to give state court judgments the same preclusive effect in federal courts.  See 28 U.S.C. § 1738. The federal court "applies 'the same preclusion rules as would the courts of that state.'" Manu v. Nat'l City Bank of Indiana,

4

No. 11-1705, 2012 WL 928158, at *3 (3d Cir. Mar. 20, 2012) (quoting Edmundson v. Borough of Kennett Square, 4 F.3d 186, 189 (3d Cir. 1993)).  Therefore, the Court applies Utah res judicata, or preclusion law.

**Personal Jurisdiction**

Defendant raises the issue of the Utah court's personal jurisdiction over DUP in entering judgment.  Defendant argues the Utah court properly exercised jurisdiction over the parties.  Plaintiff contests the Utah court's jurisdiction but provides barely any substantive argument.  The extent of Plaintiff's argument is "the only possible connection for jurisdiction is the forum selection clause included in the Prime Insurance contract of adhesion."  (Def.'s Opp'n Mem. 12.)[2] If the Utah court was without personal jurisdiction, the Utah Judgment cannot be given preclusive effect.[3]  See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 805 (1985); Brandon v. Teague, 299 P.2d 1113, 1114 (Utah 1956).  Although personal jurisdiction is ordinarily waivable, the entry of a default judgment is not a waiver and does not foreclose a collateral challenge.  See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 706 (1982).

---

[2] Because Plaintiff's opposition brief lacks page numbers, the Court refers to ECF's pagination.

[3] Of course, the Utah court was required to have subject matter jurisdiction as well, which it did pursuant to the Utah Declaratory Judgment Act.  See Utah Code Ann. § 78B-6-401; Utah R. Civ. P. 57.

Defendant filed its declaratory judgment action in Utah pursuant to the terms of DUP's insurance policies.  Section X of the 2006-2007 and 2007-2008 policies state "[t]his Agreement is entered into in the state of Utah and the Agreement, and any rights, remedies, or obligations provided for in this Agreement, shall be construed and enforced in accordance with the laws of Utah."  (Def.'s Mot. Exs. A, N.)  Section XI of the policies are entitled "Forum Selection and Consent to Jurisdiction" and state in pertinent part: "the Insured consents to the jurisdiction of the courts of the State of Utah to hear and decide claims or disputes arising between the parties related to coverage issues and any payments due the Insured under the Policy."  (Id.)

Defendant asserts that, pursuant to Phone Directories Co. v. Henderson, 8 P.3d 256 (Utah 2000), sections X and XI of the 2006-2007 and 2007-2008 insurance policies sufficiently establish the Utah court's jurisdiction over DUP in the Utah Action.  (See Def.'s Mot. 19-21.)  In Phone Directories, the court held that where a forum selection clause or consent-to-jurisdiction clause exists, there is a presumption in favor of jurisdiction over a non-resident defendant.  See 8 P.3d at 260-61.  In those cases, personal jurisdiction will be upheld where there is a "rational nexus between the forum selected and/or consented to, and either the parties to the contract or the transactions that are the subject matter of the contract."  Id. at 261.  Defendant argues a

"rational nexus" exists in this case because it has its principal place of business in Utah.  The Court agrees.  Defendant's close business ties to Utah and sections X and XI of the 2006-2007 and 2007-2008 policies sufficiently show a rational nexus existed between Utah and the parties.  See Jacobsen Constr. Co. v. Teton Builders, 106 P.3d 719, 728 (Utah 2005).  Plaintiff's apparent lack of other contacts with Utah is of no moment.  See id.

In addition to a basis in state law, the exercise of personal jurisdiction must comport with the due process requirements of the Fourteenth Amendment.  See, e.g., W.A. v. State, 63 P.3d 607, 612 (Utah 2002).  "Where [] forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n.14 (1985) (citations omitted).  "A forum selection clause is presumptively valid and enforceable, unless the party resisting enforcement can 'make a strong showing, either that the forum thus selected is so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court, or that the clause was procured through fraud or overreaching.'"  Int'l Bus. Software Solutions, Inc. v. Sail Labs Tech., 440 F. Supp. 2d 357, 362 (D.N.J. 2006) (quoting Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1219 (3d Cir. 1991)); see also Patten Secs. Corp., Inc. v.

7

Diamond Greyhound & Genetics, Inc., 819 F.2d 400, 407 (3d Cir. 1987).  Nothing in the record suggests Utah presented a burdensome forum for DUP.  Plaintiff's bare assertion, devoid of evidence or law in support thereof, that the insurance policy was a contract of adhesion, (Pl.'s Opp'n Mem. 12), is far from a "strong showing" that sections X and XI were "procured through fraud or overreaching."[4]  The selection of Defendant's home state of Utah as a forum is neither unreasonable nor unjust.  Therefore, the Utah court's exercise of personal jurisdiction does not offend the Fourteenth Amendment and the Utah court properly exercised jurisdiction over DUP.

**Issue Preclusion**

The res judicata doctrine "serves the important policy of preventing previously litigated issues from being relitigated." Massey v. Bd. of Trustees, 86 P.3d 120, 122 (Utah Ct. App. 2004) (citation omitted).  The res judicata doctrine "embraces two distinct branches: claim preclusion and issue preclusion."  Id. (citation omitted).  Utah's issue preclusion doctrine requires four elements:

> (i) the party against whom issue preclusion is asserted must have been a party to or in privity with a party to the prior adjudication; (ii) the issue decided in the

---

[4] Additionally, Plaintiff asserts "[t]he insured was never explained the policy provision and certainly a bar in Philadelphia Pennsylvania never intended to be bound by the law of the State of Utah or subject to its jurisdiction."  (Pl.'s Opp'n Mem. 7.)  Plaintiff cites no evidence in the record to support the truth of this assertion.

>     prior adjudication must be identical to the one
>     presented in the instant action; (iii) the issue in the
>     first action must have been completely, fully, and
>     fairly litigated; and (iv) the first suit must have
>     resulted in a final judgment on the merits.

Oman v. Davis Sch. Dist., 194 P.3d 956, 965 (Utah 2008) (quoting Collins v. Sandy City Bd. of Adjustment, 52 P.3d 1267, 1270 (Utah 2002)).  The Restatement (Second) of Judgments, which was cited favorably by Utah Supreme Court in Oman, 194 P.3d at 966, states "[i]n the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated."  Restatement (Second) of Judgments § 24 cmt. e (1982).  Issue preclusion does not apply to the Utah Judgment because no issues were completely, fully, or fairly litigated.

**Claim Preclusion**

Whereas default judgments cannot have issue preclusive effect, they may still be claim preclusive.  Wilson v. Reliance Ins. Co., 138 F. App'x 457, 459 (3d Cir. 2005) (citing Morris v. Jones, 329 U.S. 545, 550-51 (1947)).  "Claim preclusion is premised on the principle that a controversy should be adjudicated only once."  Mack v. State Dept. Of Commerce, 221 P.3d 194, 203 (Utah 2009) (internal quotation marks omitted).  Three elements must be met for claim preclusion to exist: (1) the prior and current cases must involve the same parties or their privies; (2) the claim to be barred must have been presented in

the prior suit or "be one that could and should have been raised"; and (3) the prior suit must have resulted in a final judgment on the merits.  See id.

The instant action and the Utah Action involve the same parties and their privies.  The Utah Judgment was entered in favor of Defendant and against DUP.  Plaintiff brings this action against Defendant as an assignee of DUP's rights.  (See Compl. ¶ 2.)  For claim preclusion to apply, the latter action must involve "the same parties, their privies, *or their assigns* as the first action."  D.U. Co. v. Jenkins, 216 P.3d 360, 365 (Utah Ct. App. 2009).  Plaintiff brings this suit as DUP's assignee and DUP was the defendant in the Utah Judgment.

Plaintiff notes that Defendant failed to name Robert Oliver, Donald Palmucci and Plaintiff himself as interested parties in the Utah Action.  (See Pl.'s Opp'n Mem 12.)  Plaintiff was not a party to the insurance policies and thus had no legally cognizable interest in the Utah Action.  See County v. Jensen, 83 P.3d 405, 408 (Utah Ct. App. 2003).  In fact, Utah law forbids the inclusion of an injured party in a declaratory judgment action between an insurer and its insured.  See id.  As for Oliver and Palmucci, their names appear in the policy as officers and owners of DUP.  (Def.'s Mot. Ex. A.)  Oliver acted as signatory of the policies pursuant to his role as DUP's president.  (See id.; see also Def.'s Mot. Ex. P (identifying DUP

as the insured).)   A person is in privity with another where "a person [is] so identified with another that he represents the same legal right." Lundahl v. CNA Ins., No. 20010845-CA, 2003 WL 22145999, at *2 (Utah Ct. App. Sept. 18, 2003) (quoting Searle Bros. v. Searle, 588 P.2d 689, 691 (Utah 1978)).  Privity means "one whose interest has been legally represented at the time." 588 P.2d at 691.  Privies to a company include "officers or owners of a closely held corporation, partners, co-conspirators, agents, alter egos or other parties with similar legal interests." Press Publ'g v. Matol Botanical Int'l, 37 P.3d 1121, 1128 (Utah 2001) (citing Lesser v. Gray, 236 U.S. 70, 74 (1915)).  Oliver and Palumucci were privies of DUP, which is why Oliver himself was served with the summons and complaint in the Utah Action.  The present action and the Utah Action involve the same parties, Prime Insurance and DUP, and their privies.

Plaintiff's claims for breach of contract and bad faith are the same claims raised in the Utah Action.  "Claims or causes of action are the same as those brought or that could have been brought in the first action if they arise from the same operative facts, or in other words from the same transaction." Mack, 221 P.2d at 203 (citing with approval the Restatement (Second) of Judgments § 24).[5]  "[R]es judicata generally is thought to turn

---

[5] The Utah Supreme Court has "moved toward the transactional theory of claim preclusion espoused by the Restatement (Second)." Id.

on the essential similarity of the underlying events giving rise to the various legal claims." Id.

Defendant initiated the Utah Action based on its allegation it had no duty to defend or indemnify DUP in matters pertaining to the October 13, 2006 accident.  Plaintiff brought the instant action alleging Defendant failed to defend and indemnify DUP and thereby breached the insurance policy and acted in bad faith. Plaintiff seeks to hold Defendant liable on the very claims that Defendant had adjudicated in the Utah Action.  (See Def.'s Mot. Exs. J, S.)  The Utah court was presented with a copy of the complaint from the Pennsylvania Action and the 2006-2007 insurance policy and Defendant made essentially the same argument on the merits then as it does now.  The arguments Plaintiff raises as DUP's assignee in this action are precisely the arguments that could have been asserted in the Utah Action had DUP chose to defend the suit.  The facts, evidence and arguments are essentially the same now as existed in the Utah Action, and the Court must hold that the breach of contract and bad faith claims are part of the same transaction previously adjudicated in Utah.  See Restatement (Second) of Judgments § 24 & cmt. b.

The Utah Judgment was a final judgment on the merits.  See Schoney v. Mem'l Estates, Inc., 863 P.2d 59, 61 (Utah Ct. App. 1993).  With all three elements of Utah's claim preclusion doctrine satisfied, Plaintiff's breach of contract claim (Count

I) and bad faith claim (Count II) are precluded by the Utah Judgment.  As a matter of law, the Court must respect the Utah court's judgment and give it full faith and credit.  It is not the place of the Court to act as an appeals court and review the Utah court's judgment for error.  See, e.g., Duraney v. Washington Mut. Bank, No. 2:07cv13, 2008 WL 4204821 at *11 (W.D. Pa. Sept. 11, 2008).

As to Plaintiff's claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Count III), the Court cannot hold the same.  It is not clear if the "unfair and deceptive business practices" that Defendant is alleged to have committed, (Compl. ¶ 26), were part and parcel of the transaction subject to the Utah Judgment.  Moreover, neither party has indicated whether or not a PUTPCPL claim could have been raised in the Utah Action.  The claim may very well be precluded by res judicata but Defendant has not met its burden of proving there is no genuine issue of material fact.  The Court denies summary judgment as to Count III.

**IV.  Conclusion**

For the reasons so stated, Defendant's Motion for Summary Judgment is granted on the breach of contract and bad faith claims but denied on the PUTPCPL claim.