```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| JOSE LARA | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 11-cv-1663 |
| | : | |
| INEX and PRIME INSURANCE SYNDICATE, INC. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM & ORDER**

**Joyner, C. J.**                                     **November 8, 2012**

Before this Court are Defendant's Motion for Summary Judgment (Doc. No. 27), Plaintiff's Response thereto (Doc. No. 29), and Defendant's Reply in further support thereof (Doc. No. 31). For the reasons set forth below, the Court grants the Defendant's Motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 13, 2006, Jose Lara ("Plaintiff") was severely injured in an automobile accident by a driver who left the nightclub "Club Flow" visibly intoxicated. In 2008, the Plaintiff sued Philadelphia nightclubs Club Flow and "The Cave," their parent corporation DUP, Incorporated ("DUP"), and principal officers Robert Oliver and Donald K. Palmucci in the Philadelphia Court of Common Pleas (the "Pennsylvania Action"). The Plaintiff sued these defendants under Pennsylvania's dram shop law for

1

injuries he sustained in an automobile accident involving an intoxicated driver.

The Prime Insurance Syndicate ("Defendant") issued policies for dram shop and general liability insurance coverage to the nightclubs that were in effect at the time of Plaintiff's injury and the Pennsylvania Action.[1]  The Defendant provided a legal defense in the case but on March 3, 2008, based on a contractual reservation of rights, the Defendant filed a declaratory judgment action in a Utah court against DUP.  The Defendant sought a declaration that it owed no duty to defend or indemnify DUP in the Pennsylvania Action.  Despite receipt of service by DUP's president, Robert Oliver, DUP failed to appear in Utah court or otherwise defend the declaratory judgment action.  On August 19, 2008, the Utah trial court, upon the additional submission of a memorandum of law from Defendant, entered a default judgment in the Defendant's favor, finding that the Defendant had no duty to defend or indemnify DUP in the Pennsylvania Action.  Shortly thereafter, the Defendant apparently withdrew its representation of DUP in Pennsylvania court.

On May 27, 2010, the Philadelphia court entered a $750,000 judgment in the Plaintiff's favor.  DUP assigned to the Plaintiff all legal claims and rights it had against the Defendant.  On

---

[1] The Plaintiff identified INEX as another insurer-Defendant. Plaintiff voluntarily dismissed his claims against INEX, making Prime Insurance the lone remaining Defendant in this action.

January 19, 2011, the Plaintiff filed the instant action against the Defendant in the Philadelphia Court of Common Pleas.  The Defendant removed the case to this Court on March 8, 2011 pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332.  The Plaintiff is a Pennsylvania resident and the Defendant is incorporated in Illinois and has its principal place of business in Utah.

On July 11, 2012, this Court granted summary judgment in the Defendant's favor on the first two counts of the Complaint, for breach of contract and bad faith, because the claims were precluded under the Full Faith and Credit Clause, having been previously determined by the Utah court.  (July 11, 2012 Memorandum and Order, at 13, Doc. No. 23).  However, the Court denied summary judgment on Count III of the Complaint, for a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), because the Defendant had not met its burden of proving that the UTPCPL claim was decided by the Utah court.  (Id.).

The Defendant has filed a motion seeking summary judgment on the Plaintiff's UPTCPL claim in Count III, the only claim remaining in the action, arguing that it is entitled to judgment as a matter of law.

## II.  STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party; a factual dispute is material only if it might affect the outcome of the suit under governing law. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  In conducting our review, we view the record in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 535 (3d Cir. 2007); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, the non-moving party cannot rely on "bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).  When the non-moving party is the plaintiff, she must "make a showing sufficient to establish the existence of [every] element essential to [her] case and on which [she] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

### III.  DISCUSSION

The UTPCPL, 73 Pa. Stat. Ann. § 201-1 et seq., "protects consumers of goods and services from unfair or deceptive trade

practices or acts." Gardner v. State Farm Fire & Casualty Co., 544 F.3d 553, 564 (3d Cir. 2008). The statute lists twenty specifically prohibited practices, 73 Pa. Stat. Ann. § 201-2(4)(i)-(xx), and contains a catch-all provision that prohibits "[e]ngaging in any other fraudulent or deceptive act which creates a likelihood of confusion or of misunderstanding." 73 Pa. Stat. Ann. § 201-2(4)(xxi).

The Plaintiff appears to claim that the Defendant violated the catch-all provision of the UTPCPL in "failing to promptly offer a defense and indemnification to Assignors, failing to objectively and fairly evaluate the underlying claim, unreasonably withholding policy benefits, and other actions." (Compl. ¶ 26, Doc. No. 1). In his response to the current Motion for Summary Judgment, the Plaintiff lists a number of actions by the Defendant that he claims are deceptive. (Mem. of Law in Opp'n to Mot. for Summ. J., at 8, Doc. No. 29).[2] In its Motion for Summary Judgment, the Defendant argues that the Plaintiff does not have a right to assert a private action under the UTPCPL.

The UTPCPL limits a person's ability to bring a private action under the Act. Section 201-9.2(a) of the Act states:

> "Any person who purchases or leases goods or services *primarily for personal, family or household purposes* and

---

[2] Because the Plaintiff's opposition brief lacks page numbers, the Court refers to ECF's pagination.

>thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action..."

73 Pa. Stat. Ann. § 201-9.2(a) (emphasis added).  "In construing claims under the [UTP]CPL, Pennsylvania courts have distinguished purchases made for business reasons, which are not actionable, from those made for 'personal, family or household use.'" Balderston v. Medtronic Sofamor Danek, Inc., 285 F.3d 238, 242 (3d Cir. 2002) (citing Weinberg v. Sun Co., 777 A.2d 442, 446 (Pa. 2001); Trackers Raceway, Inc. v. Comstock Agency, Inc., 583 A.2d 1193, 1197 (Pa. Super. Ct. 1990)).

The Plaintiff argues that "[t]he liquor license policy was procured to protect those that [sic] people that were injured as a result of the negligence of the establishment which served the alcohol," and the "Plaintiff while an assignee of the rights of the bar that purchased the policy was the very person that this insurance is intended to protect."  (Mem. of Law in Opp'n to Mot. for Summ. J., at 5, Doc. No. 29).  The Court cannot agree with this argument that the insurance contract was for personal, family or household use.  Setting aside whether the Plaintiff, as assignee, purchased the service as required by the UTPCPL, the insurance contract at issue here was a commercial in nature.  A business (DUP) purchased the insurance contract to protect itself from monetary liability arising out of its business operations.  Although surely, the presence of these insurance policies

protects individuals, in that they allow recovery when the business is liable, the primary purpose of the insurance service purchased here was commercial.

Because the Plaintiff did not, and cannot, show that the insurance contract was "primarily for personal, family or household purposes" as required for a private action under the UTPCPL, the Plaintiff cannot maintain his action under the UTPCPL.  Therefore, the Court grants summary judgment in favor of the Defendant on Count III.

### IV. CONCLUSION

For the foregoing reasons, the Court grants the Defendant's Motion for Summary Judgment.  A separate order follows.